MARIA M. YUNKER, ADMX., v. SANDUSKY CO. (COMRS.).

BRIDGE ON FORMER STATE ROAD NOT WITHIN SEC. 845 REV. STAT. AND COMMISSIONERS NOT LIABLE FOR NEGLIGENCE.

The bridge on a highway which was formerly a state road, the control of which has been taken over by the board of commissioners of the county in which it is located, does not come within the meaning of Sec. 845 Rev. Stat. making such commissioners liable for negligence or carelessness in keeping in repair bridges established by such commissioners, and damages cannot be recovered for injuries resulting from such negligence or carelessness.

ERROR to Sandusky common pleas court.

**Love & Culbert,** for plaintiff in error.

**Wilson, Hunt & Garn,** for defendant in error:

Cited and commented upon the following authorities: *Trott* v. *Sarchett,* 10 Ohio St. 241; *Hamilton Co. (Comrs.)* v. *Mighels,* 7 Ohio St. 109; *Grimwood* v. *Summit Co. (Comrs.)* 23 Ohio St. 600; *Dunn* v. *Brown Co. Agrl. Soc.* 46 Ohio St. 96 [18 N. E. Rep. 496; 1 L. R. A. 754; 15 Am. St. Rep. 556]; *Brown Co. (Comrs.)* v. *Butt,* 2 Ohio 348; *Finch* v. *Toledo (Bd. of Ed.),* 30 Ohio St. 37 [27 Am. Rep. 414]; Black, Interp. Laws Sec. 99; *Krause* v. *Morgan,* 53 Ohio St. 26 [40 N. E. Rep. 886]; *Felix* v. *Griffiths,* 56 Ohio St. 39 [45 N. E. Rep. 1092]; *Fremont* v. *Dunlap,* 69 Ohio St. 286 [69 N. E. Rep. 561]; *Circleville* v. *Sohn,* 59 Ohio St. 285 [52 N. E. Rep. 788; 69 Am. St. Rep. 777]; *Chase* v. *Cleveland (City),* 44 Ohio St. 505 [9 N. E. Rep. 225; 58 Am. St. 843]; *Oak Harbor* v. *Kallagher,* 52 Ohio St. 183 [39 N. E. Rep. 144].


HAYNES, J.

The petition in this case was filed on March 15, 1902, by the plaintiff, Maria Yunker as administratrix of the estate of David Yunker, deceased, and sets forth, among other things, that the defendants, the county commissioners of this county, had charge of the highways and bridges within the county, and especially the bridge over the Sandusky river in the city of Fremont, on the Maumee & Western Reserve turnpike.

For cause of action the plaintiff sets forth that the commissioners granted a franchise and right of way along the Western Reserve turn-

Yunker v. Commissioners.

pike, and said bridge thereon over the Sandusky river in the city of Fremont, Ohio, to the Toledo, Fremont & Norwalk railroad for the purpose of constructing and operating thereon, and over said highway, and over and upon the bridge aforesaid an electric railway.

That while said company was engaged in the construction of its electric line, it went upon said bridge for the purpose of repairing and strengthening the same, and that the defendants negligently and carelessly allowed said company to take up and remove, from said bridge, a large part of the floor thereof and said defendants, on or about March 18, in violation of their duty, carelessly and negligently failed to require said company to repair the same, or cause the same to be replaced, on the eighteenth day of March aforesaid.

Then it sets forth the location of the bridge over the river and the height above the waters, and it sets forth that the defendants further carelessly and negligently failed to keep said bridge in proper repair, by permitting the floor thereof to be torn up and left open and unguarded and unprotected, and without causing it to be covered, protected and guarded where said floor was so removed as aforesaid in a sufficient manner to caution and advise the traveling public, and especially foot passengers, that the floor of said bridge had been thus removed; and that it was impossible to travel over said part of said bridge, or to cross from one side thereof to the other, as was the custom of pedestrians so to do, where the floor had been thus carelessly and negligently removed.

Then she avers that the deceased party had fallen through said bridge, without any fault on his part, etc.

It is a matter of public history that this Maumee & Western Reserve road was built first under grant from the government, and a certain amount of the road was built, and it was afterwards completed by the state of Ohio, and it was a state road, owned and controlled by the state of Ohio down to a certain period, some years ago—I think it was in the '80's—when by an act of the legislature of the state the commissioners of this county and the commissioners of Wood county were authorized to take over that part of the road in their respective counties and keep the same open and in repair as a public road, the object, perhaps, being to do away with it as a toll road, as it had been during the time it was under state control.

The plaintiff relies upon this fact, that the commissioners have control of this road, and are bound to keep it in repair, and keep it open as a public road, for the use of the public and safe for the public, and upon that account it is argued that the commissioners are liable.

I will not stop to read that act. There is nothing in the act that throws any light on this question, and so far as the liability of the commissioners is concerned, the plaintiff, if she recovers, must recover by virtue of the act of the legislature, Sec. 845 Rev. Stat.

At that time, on April 13, 1894, Sec. 845 was amended so that there was inserted in it,

"And any such board of county commissioners shall be liable in its official capacity for any damages received by reason of the negligence or carelessness in keeping any such road or bridge in proper repair."

In the history of the case, a demurrer was interposed to plaintiff's petition. That demurrer was overruled, and the defendants given leave to answer, and they filed an answer, and to that answer a demurrer had also been interposed. The case had been pending two or three years, and had run along, and finally the matter was submitted, and I suppose an entry was made by the court. At any rate the judge passing upon the demurrer to the answer, held that the demurrer searched the record and that the plaintiff's petition did not state a cause of action, and thereupon the petition was dismissed, and judgment rendered against the plaintiff, and error was prosecuted here to reverse the action of the court.

Now it is argued on behalf of the defendants that this road was not out of repair at all. No repairs were being made to it. That in pursuance of the power vested in the county commissioners, they had granted the electric road the right to pass along this street, and the right to pass across the bridge, and in order to have the bridge sufficiently strong to sustain the cars passing over it, it became necessary to strengthen the bridge, rather than repair it, and they claim that is one reason why there is no liability on the part of the defendants.

But we have passed that by, and have considered this statute, and its application to this case, and this class of cases. In the case of *Morgan Co. (Comrs.)* v. *Transfer & Stor. Co.* 75 Ohio St. 244 [79 N. E. Rep. 237], the case came in the Supreme Court, and it will be remarked that the decision is by Judge Shauck, and that it refers largely to the construction of the statute in question.

The syllabus of the case is:

"Consistently with the rule that statutes in derogation of the common law should not be extended beyond the plain meaning of their terms, the amendment of Sec. 845 Rev. Stat., providing that county commissioners shall be liable for negligence 'in keeping any such road

Yunker v. Commissioners.

·or bridge in proper repair' cannot be interpreted as creating a liability for negligence in the operation of a free ferry."

There was a ferry across the Muskingum river, which was claimed to have been built and operated as part of a public road,—public highway—and some person was crossing with his team, and as he approached the shore on one side his horses went through and were drowned. He ·sued the county commissioners, claiming that a proper construction of the statute would make that part of the highway. Judge Shauck says:

"The view urged by counsel for the plaintiff is that we should regard the phrase of the amendment 'any such road or bridge' as including a free ferry which the commissioners might see fit to establish and maintain. Since ferries are not mentioned in either the amendment or the amended section, it is obvious that the suggested interpretation would extend the section beyond the natural meaning of its terms. If, in contemplation of the legislature, bridges and ferries are synonyms, it would scarcely have regarded a special section as necessary to authorize the establishment and maintenance of the latter. We need not consider the suggestion that ferries, as well as bridges, are within the reason of the amendment; for interpretation requires that the meaning of the legislature be ascertained from what it has enacted. We cannot assume that the provision authorizing the establishment of free ferries was absent from the minds of the members of the legislature when they enacted the amendment because it was in a different section of the statute, nor are we permitted to indulge in conjecture respecting their action if the provision had been in their minds. Nor is it a case in which a statute should be construed liberally for the purpose of accomplishing a clearly indicated purpose and to prevent the failure of the statute. If the suggested interpretation is rejected the statute will still operate, and its operation will be as broad as the appropriately indicated purposes of the legislature. The argument does not really tend to show that the legislature has provided for a liability of the commissioners because of their negligence in operating ferries, but rather it is a legislative argument that ferries, as well as bridges, might have been included. To adjudge a liability on that view would be to legislate rather than to adjudicate. These and other like considerations have led to the formulation of the elementary and oft-repeated rule that statutes in derogation of the common law should not by interpretation be extended beyond their terms. Propriety will be ·observed, and certainty of interpretation will be promoted, if we assume that the legislature acts in view of all legislation relating to the

subjects in hand and with a comprehension of the established rules by which their intention will be ascertained."

Thereupon the Supreme Court reversed the circuit court and affirmed the common pleas judge who found in favor of the commissioners.

The Supreme Court had this statute before them again during this same session, in the case of *Ebert* v. *Pickaway Co.* (*Comrs.*) 75 Ohio St. 474 [80 N. E. Rep. 474].

The syllabus reads:

"Consistently with the rule that statutes in derogation of the common law should not be extended beyond the natural meaning of their terms, the amendment of April 13, 1894, of Section 845 Rev. Stat., that 'any such board of county commissioners shall be liable in its official capacity for any damages received by reason of its negligence or carelessness in keeping any such road or bridge in proper repair' cannot be interpreted as creating a liability for injuries sustained by one whose horse takes fright at stones which the commissioners had collected by the roadside for the purpose of repairing a road or bridge, there being no defect in either road or bridge contributing to the injury."

Now the statute reads:

"The board of commissioners shall be capable of suing and being sued, pleading and being impleaded in any court of judicature, and of bringing, maintaining and defending all suits, either in law or in equity, involving an injury to any public, state or county road, bridge or ditch, drain or watercourse established by such board in its county, and for the prevention of injury to the same and any such board of county commissioners shall be liable in its official capacity for any damages received by reason of its negligence or carelessness in keeping any such road or bridge in proper repair," etc.

We think that under these decisions, without discussing the matter at any great length, that a proper construction of that statute is that they should only be liable for the damages incurred by reason of negligence in not keeping in repair any bridge established by them.

The statement of facts that I have made shows the character of this bridge; by whom it was built, and by whom it is occupied; and the petition of the plaintiff wholly fails to state, in any manner of form, that this bridge was established by the county commissioners; it does not do so because as a matter of fact this is not the case.

For this reason, and upon these decisions, we hold that the court

of common pleas did not err in sustaining the demurrer to the petition, and dismissing the case.

Having decided this point, we do not care to discuss further the others that were raised in the case.

**Parker** and **Wildman, JJ.,** concur.